UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

<u>Michael G. Cheney</u>

    v.                              Civil No. 10-cv-449-PB

<u>Concord Police Department et al.</u>[1]

**<u>REPORT AND RECOMMENDATION</u>**

Before the Court is Michael Cheney's complaint (doc. no. 1). Because Cheney is a prisoner proceeding pro se and in forma pauperis, the matter is before me for preliminary review to determine, among other things, whether or not the complaint states any claim upon which relief might be granted. <u>See</u> 28 U.S.C. § 1915A(a); United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing magistrate judge to conduct an initial review of pro se prisoner complaints). For the reasons discussed herein, I recommend the complaint be dismissed in its entirety.

<u>Standard of Review</u>

Under this Court's local rules, when an incarcerated person commences an action pro se and in forma pauperis, the Magistrate Judge conducts a preliminary review. LR 4.3(d)(2). In conducting the preliminary review, the Court construes all of

---

[1] In addition to the Concord Police Department ("CPD"), Cheney names the following defendants to this action: CPD Chief Robert C. Barry, Charles Anzaldi, Susan Murphy, and Timothy Smith.

the factual assertions in the pro se pleadings liberally, however inartfully pleaded. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pro se pleadings liberally in favor of the pro se party).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); see also Castro v. United States, 540 U.S. 375, 381 (2003) (courts may construe pro se pleadings to avoid inappropriately stringent rules and unnecessary dismissals).  This review ensures that pro se pleadings are given fair and meaningful consideration.

To determine if a pro se complaint states any claim upon which relief could be granted, the Court must consider whether the complaint, construed liberally, Erickson, 551 U.S. at 94, "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Inferences reasonably drawn from the plaintiff's factual allegations must be accepted as

true, but the Court is not bound to credit legal conclusions, labels, or naked assertions, "devoid of 'further factual enhancement.'" Id. (citation omitted). Determining if a complaint sufficiently states such a claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950 (citation omitted).

## Background

On December 6, 2008, Michael Cheney went to Susan Murphy's Concord, New Hampshire, apartment. There, he was grabbed around the throat by Charles Anzaldi, who was visiting Murphy. Also during that visit, Timothy Smith, a relative of Anzaldi's, asked Cheney for $400 to bail Smith's uncle out of jail. Cheney states that he gave Smith the money, but later came to believe that Smith did not need the money for his uncle's bail, and had conned Cheney out of the money so that Smith could buy drugs. Cheney reported to the Concord Police Department ("CPD") that he had been assaulted and robbed. Cheney claims he made both oral and written statements to the police. CPD Officer Eric Crane investigated Cheney's accusations and determined that there was insufficient evidence to proceed with criminal charges against either Anzaldi or Smith.

In May 2010, Cheney requested copies of his written statement and other documentation from the CPD. The CPD

responded that the request did not include the date of the incident or Cheney's date of birth.  The CPD advised that all they found was a record of a call on December 6, 2008, but that to release the record of that call to Cheney, he would have to prepay twenty-two dollars.  Cheney made that payment and received the one-page report of Officer Crane's December 6, 2008, call response.[2]  On July 2, 2010, the CPD advised Cheney that no other information or records regarding the December 6, 2008, incident could be found.

Cheney, dissatisfied with the result of the CPD investigation, and believing that the police refused to investigate the matter because Cheney has a criminal record for sexual assault, sent letters to the Office of the New Hampshire Attorney General.  That office declined to get involved in the matter, stating that it had no jurisdiction over the offenses of which Cheney complained.  Cheney again contacted the CPD, requesting "equal justice," and the reopening of the case.  CPD Deputy Chief John Duval responded by letter dated September 28,

---

[2]Cheney has previously filed another action in this Court, Cheney v. Drewin, No. 10-cv-202-JD.  In that case, Cheney submitted two letters sent to him by the CPD which were not attached to the instant filing.  Pursuant to a separate Order, issued on today's date, the letters, dated May 14, 2010 and July 2, 2010 (No. 10-cv-202-JD doc. no. 9-1) will be docketed by the Clerk's office as addenda to the complaint in this matter and will be considered to be part of the record in this case.

4

2010, indicating that the CPD would take no further action or conduct any further investigation in the matter.

### The Claims[3]

Cheney now raises the following claims for relief:

1. The CPD defendants violated Cheney's Fourteenth Amendment rights by denying him equal protection of the law by discriminating against him when they refused to prosecute crimes committed against Cheney on the basis that Cheney is a convicted sexual offender.

2. The CPD defendants denied Cheney his Fourteenth Amendment due process rights by failing to prosecute Anzaldi, Smith, and Murphy for crimes the committed against Cheney.

3. The CPD improperly deprived Cheney of his property without due process, in violation of Cheney's Fourteenth Amendment rights, by charging Cheney an excessive fee for a copy of a one-page log of the report and investigation of the December 6, 2008 incident, in violation of New Hampshire's "Right to Know" law. See N.H. Rev. Stat. Ann. ("RSA") § 91-A:4, IV (allowing public agencies to charge person requesting records actual cost of making copies).

---

[3]The claims, as identified herein, will be considered to be the claims raised in the complaint for all purposes. If Cheney disagrees with the claims as identified, he must file an objection to this Report and Recommendation within fourteen days of the date it is issued, or he must properly move to amend his complaint.

5

    4.   The CPD violated Cheney's rights under the New Hampshire's "Right-to-Know" law, RSA § 91-A, by charging him a fee exceeding the actual cost of copying for the documents he requested.

    5.   Anzaldi committed the tort of assault against Cheney by grabbing him around his throat.

    6.   Smith committed the torts of conversion and fraud when he stole money from Cheney.

## Discussion

I.  Claims Brought Pursuant to 42 U.S.C. § 1983

Section 1983 creates a cause of action against those who, acting under color of state law, violate federal constitutional or statutory law.  See 42 U.S.C. § 1983[4]; City of Okla. City v. Tuttle, 471 U.S. 808, 829 (1985); Wilson v. Town of Mendon, 294 F.3d 1, 6 (1st Cir. 2002).  In order for a defendant to be held liable under § 1983, his or her conduct must have caused the alleged constitutional or statutory deprivation.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 692 (1978); Soto v. Flores,

---

[4] 42 U.S.C. § 1983 provides that:

> Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

6

103 F.3d 1056, 1061-62 (1st Cir. 1997).  Here, Cheney claims that the defendants who are state actors have violated equal protection and due process rights accruing to him under federal law.  As such, his claims arise under § 1983.

   A.   Equal Protection Claim

The Equal Protection Clause of the Fifth Amendment guarantees that "all persons similarly situated should be treated alike."  City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985); see Toledo v. Sanchez, 454 F.3d 24, 33 (1st Cir. 2006).  To allege a denial of equal protection, Cheney must assert that defendants, in treating him differently than others similarly situated, intentionally or purposefully discriminated against him on an improper basis.  See Washington v. Davis, 426 U.S. 229, 239-40 (1976); In re Subpoena to Witzel, 531 F.3d 113, 119-20 (1st Cir. 2008).  "A discriminatory intent or purpose means that the defendants 'selected or reaffirmed a particular course of action at least in part because of, not merely in spite of, its adverse effects upon an identifiable group.'"  Witzel, 531 F.3d at 119 (quoting Wayte v. United States, 470 U.S. 598, 610 (1985)).

Cheney here alleges that he was treated differently than crime victims who are not sexual offenders, in that the police failed to prosecute the crimes committed against him because of his criminal record for sexual offenses.  Cheney has proffered

7

no specific facts, apart from his own belief, which would support his conclusory assertion that the police were motivated not to prosecute Anzaldi, Smith, and Murphy because Cheney is a sexual offender. Further, Cheney has not pointed to any non-sexual offender crime victim, otherwise similarly situated to Cheney, who was treated differently than Cheney by the CPD. Therefore, I find that Cheney has not alleged sufficient facts to state a claim that his equal protection rights have been violated.

    B.    Right to Prosecution

Cheney's complaint, liberally construed, asserts that he had a constitutional right to have Anzaldi, Murphy, and Smith prosecuted. There is no cause of action under § 1983, however, for the failure to prosecute a crime, as there is no federal constitutional right to have criminal wrongdoers brought to justice. See Leeke v. Timmerman, 454 U.S. 83, 87 (1981); Nieves-Ramos v. Gonzalez-De-Rodriguez, 737 F. Supp. 727, 728 (D.P.R. 1990) (citing Linda R. S. v. Richard D., 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or non prosecution of another")). Cheney cannot, therefore, state a claim against any of the defendants named here for the failure to prosecute Anzaldi, Murphy, or Smith.

C. <u>Property Claim</u>

Cheney alleges that he was deprived of his property without due process of law when he was charged an excessive fee for a photocopy of a single page document by the CPD. "[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth amendment if a meaningful postdeprivation remedy for the loss is available." <u>Hudson v. Palmer</u>, 468 U.S. 517, 533 (1984). Accordingly, no due process claim can be brought for such a property loss under § 1983 where an adequate post-deprivation remedy is available at state law. <u>See</u> <u>Lowe v. Scott</u>, 959 F.2d 323, 340 (1st Cir. 1992).

In New Hampshire, a public agency, including an agency of a town or city must, upon request, provide access to certain documents. <u>See</u> RSA § 91-A:4(I). If copies of documents are requested, an agency may charge the actual cost of making a copy of documents provided, or may charge a fee for a copy as otherwise established by law. <u>See</u> RSA § 91-A:4(IV). Cheney's claim asserts that he was charged an excessive fee for his single-page copy. To the extent Cheney claims that he has been deprived of property without due process, however, he cannot bring that claim in a § 1983 action where an adequate remedy at law exists. The Right to Know statute provides a judicial

9

remedy for any violation of that law.  See RSA § 91-A:8(III) (creating a cause of action to redress violations of the Right to Know law).  Nothing in the record before the Court suggests that that remedy would be inadequate to address Cheney's claim.  Accordingly, Cheney may not recoup the allegedly excessive fee in a § 1983 action.  I recommend dismissal of this claim without prejudice to Cheney filing a state court action alleging a violation of RSA § 91-A.

II.  Claims Against Private Defendants

Cheney names Anzaldi, Murphy, and Smith as defendants to this action, stating that they were all involved in assaulting him and stealing money from him.  The United States Constitution "erects no shield against merely private conduct, however . . . wrongful."  Blum v. Yaretsky, 457 U.S. 991, 1002 (1982).  A plaintiff claiming an infringement of his civil rights by individual defendants must establish that (i) the defendants deprived plaintiff of a right secured by the Constitution or laws of the United States, and that (ii) the defendants acted under "color of any statute, ordinance, regulation, custom, or usage, of any State or Territory of the District of Columbia."  42 U.S.C. § 1983; see Andresen v. Diorio, 349 F.3d 8, 13 (1st Cir. 2003).  In relation to the second requirement, a private actor can be held to be a state actor only under limited circumstances, none of which are present here.  See Blum, 457

U.S. at 1004 (describing circumstances under which private defendants can be treated as state actors for purposes of § 1983 liability); see also Jackson v. Metro. Edison Co., 419 U.S. 345, 357 (1974). Because Anzaldi, Murphy, and Smith are private individuals, and not state actors, no federal civil rights claim or other federal cause of action arises out of their conduct as described in the complaint.

Cheney has alleged facts concerning the assault, theft, and fraud that appear to state claims under New Hampshire law. See Silva v. Warden, 150 N.H. 372, 374, 839 A.2d 4, 6 (2003); Thompson v. Forest, 136 N.H. 215, 219, 614 A.2d 1064, 1067 (1992). This court may decline to exercise supplemental jurisdiction over state law claims upon dismissing all claims as to which it has original jurisdiction. See 28 U.S.C. § 1367(c). Because I recommend dismissal of all claims over which this court has original jurisdiction, the court should decline to exercise supplemental jurisdiction over the tort claims asserted against Anzaldi and Smith, and should dismiss those claims without prejudice to Cheney filing an action asserting those claims in a state court of competent jurisdiction. As to Murphy, Cheney has failed to allege any facts suggesting that she would be liable to him in an action brought under state law. Accordingly, I recommend that the claims Cheney intended to

bring against Murphy be dismissed from this action with prejudice.

## Conclusion

For the foregoing reasons, I find that Cheney has failed to state any federal claim upon which relief might be granted. Accordingly, I recommend that this action be dismissed in its entirety. If approved, the due process claims alleging a right to prosecution and the deprivation of property, and the equal protection claim, would be dismissed with prejudice, as would all claims Cheney intended to bring against Murphy. The remaining claims against the CPD, Anzaldi, and Smith arising under state law would be dismissed without prejudice to Cheney's filing an appropriate action in a state court of competent jurisdiction.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d

554, 564 (1st Cir. 2010); United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008).

_____
Landya B. McCafferty
United States Magistrate Judge

Date:  January 7, 2011

cc:  Michael G. Cheney, pro se

LBM:jba