**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**


Michael G. Cheney

    v.                               Civil No. 10-cv-449-PB

Concord Police Department, et al.

**O R D E R**

In the complaint in this action (doc. no. 1), plaintiff Michael Cheney alludes to two documents, letters from the Concord Police Department to Cheney dated May 14, 2010, and July 2, 2010. These two documents were not filed with this complaint, but were filed as part of an exhibit in an action Cheney previously brought in this Court, Cheney v. Drewin, 10-cv-202-JD (doc. no. 9-1). The Clerk's Office is directed to docket those two letters as addenda to the complaint in this case.

Cheney has filed two motions: a motion for admissions and to seal (doc. no. 3) and a motion for court-appointed counsel (doc. no. 7). For reasons stated herein, the motion for admissions and to seal is granted in part and denied in part, and the motion for court-appointed counsel is denied.

## Motion for Admissions and to Seal (doc. no. 3)

Cheney seeks an order from this Court requiring the defendants to file admissions.  The motion further seeks to seal the results of a polygraph examination Cheney filed in this matter.  The motion is granted to the extent Cheney seeks to have the polygraph results sealed, but denied in all other respects.  The request for any discovery is moot as this Court has, this date, issued a Report and Recommendation recommending dismissal of this action in its entirety.  Should the District Judge decline to adopt the recommendation, the motion for admissions would still be denied as a premature request for discovery.

## Motion for Court-Appointed Counsel (doc. no. 7)

Cheney has requested court-appointed counsel.  There is no absolute constitutional right to free legal representation in a civil case.  Maroni v. Pemi-Baker Reg'l Sch. Dist., 346 F.3d 247, 257 (1st Cir. 2003).  Rather, appointment of counsel in a civil case is left to the discretion of the court.  See 28 U.S.C. § 1915(d).  An indigent litigant must demonstrate that exceptional circumstances exist to justify appointment of counsel, such that without counsel the litigant most likely would be unable to obtain due process of the law.  King v. Greenblatt, 149 F.3d 9, 14 (1st Cir. 1998) (citing DesRosiers v.

2

Moran, 949 F.2d 15, 23 (1st Cir. 1991)).  In the case at hand, Cheney has failed, at this time, to establish the existence of such circumstances.  Cheney's motion for a court-appointed attorney is therefore denied.

    **SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date:  January 7, 2011

cc:  Michael G. Cheney, pro se

LBM:jba